FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

05 MAR 29  AM 11: 02

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| MARIA JOHNSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) CV 97-PWG-1211-NW | |
| | ) | |
| v. | ) | |
| | ) | |
| FLORENCE CITY BOARD OF | ) | |
| EDUCATION; EDISON D. BARNEY, | ) | |
| in his official capacity as Superintendent | ) | |
| of Education of Florence; and | ) | |
| GERALD JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

ENTERED

MAR 2 9 2000

MEMORANDUM OF DECISION

Ms. Maria Johnson has alleged that she was the victim of intentional discrimination on account of her race and/or national origin during her employment with the Florence City Board of Education. Plaintiff's claims are made pursuant to 42 U.S.C. § 1981 and § 1983. Defendants are the Florence City Board of Education, Edison Barney, Superintendent of Education in Florence and Gerald Johnson, Principal of Coffee High School in the city of Florence. This matter is before the court for consideration of defendants' Motion for Summary Judgment. (Document #35). The motion is before the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c) for disposition.

Standard of Review

Summary judgment is appropriate only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Rule 56, *Federal Rules of Civil Procedure.* In making that assessment, the court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). The burden of proof is upon the moving party to establish

his prima facie entitlement to summary judgment by showing the absence of genuine issues and that

he is due to prevail as a matter of law. *See Clark v. Coats & Clark, Inc.,* 929 F.2d 604 (11th Cir.

1991). Once that initial burden has been carried, however, the non-moving party may not merely

rest upon his pleading but must come forward with evidence supporting each essential element of

his claim. *See Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.,* 477

U.S. 242 (1986); *Barfield v. Brierton,* 883 F.2d 923 (11th Cir. 1989). Unless the plaintiff, who

carries the ultimate burden of proving his action, is able to show some evidence with respect to each

element of his claim, all other issues of fact become immaterial and the moving party is entitled to

judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *Bennett v. Parker,*

898 F.2d 1530 (11th Cir. 1990). As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the
> plaintiff fails to establish a prima facie case. "In such
> a situation, there can be no genuine issue as to any
> material fact,' since a complete failure of proof
> concerning an essential element of the non-moving
> party's case necessarily renders all other facts
> immaterial." [Citation omitted]. Thus, under such
> circumstances, the public official is entitled to
> judgment as a matter of law, because the plaintiff has
> failed to carry the burden of proof. This rule
> facilitates the dismissal of factually unsupported
> claims prior to trial.

The following facts are undisputed or if disputed, viewed in the light most favorable to the plaintiff.

In 1992, the Plaintiff, Maria Johnson, was hired by the Florence City Board of Education to work

within Coffee High School. (Plaintiff's deposition, p. 73; G. Johnson affidavit). Gerald Johnson

supervised Plaintiff Johnson at Coffee in his capacity as vice-principal during the 1992-1993 school

year and as principal during the 1993-1994 and 1994-1995 school years. (G. Johnson Affidavit;

2

Plaintiff's Depo., p. 79). Plaintiff's teaching contract was not renewed after the 1994-95 high school year.  (Barney affidavit).

The Florence City Board of Education is made up of five members.  The members vote on personnel matters including Superintendent Barney's recommendations as to whether teaching contracts are to be renewed.  (Barney affidavit).  In employment matters, the Board may only vote "yes" or "no" on the superintendent's recommendation.  A majority of the Board must concur with or approve the superintendent's recommendation not to renew a contract before that action is final.  (Barney affidavit).

On November 24, 1992, Defendant Johnson completed an evaluation form related to Ms. Johnson's performance at Coffee.  (Defendant's exhibit #3).  He rated Ms. Johnson as outstanding in all of the categories within the evaluation.  (Defendant's exhibit #3).  In April of 1993, Defendant Johnson again evaluated the Plaintiff rating her outstanding in all of the categories but one.  He  recommended that the her contract be renewed for the next school year. (Defendant's exhibit #4, Plaintiff's dep., p. 75).   Defendant Johnson evaluated the Plaintiff's teaching performance in December of the 1993-1994 school year.  After giving her an outstanding on all categories, Defendant Johnson again recommended her for re-employment for the following 1994-1995 school year. (G. Johnson affidavit; Plaintiff's depo., p. 81)

In the Spring of 1994, it was reported to defendant Johnson that Plaintiff began to experience discipline problems with several students in her classes.  (Plaintiff's depo., p. 83-85). Defendant Johnson received the complaints from parents of the students informing him that the plaintiff was unable to control or manage the class.  (G. Johnson affidavit)(see also affidavits of Bonnie Bernauer, Miriam Dyer, Tina Holmes, Joe Mauter, Mary Ann Wallace, and Janette

3

Wilkinson).[1] As a result of the complaints from students and parents, the Plaintiff was observed on five separate occasions in the classroom setting by two administrators, Defendant Johnson and Mr. Townsend, the assistant principal. (M. Johnson affidavit)(G. Johnson affidavit). An evaluation was prepared in which Plaintiff Johnson received satisfactory employee ratings noting, however, a need for improvement in the categories of classroom management and classroom discipline. (G. Johnson affidavit)(M. Johnson affidavit). In the proficiency of subject matter taught section of one evaluation, Defendant Johnson made a reference to Plaintiff's nationality observing that "Mrs. Johnson knows Spanish as she was born and grew up in Mexico City." (Defendant's Exhibit #5). Defendant Johnson stressed to the plaintiff the importance of planning and preparation. He told the Plaintiff to attend assertiveness workshops and to observe fellow teachers in order to learn how to earn the respect of the students. (Plaintiff's depo., p. 85-86).

In May of 1995, Defendant Johnson again evaluated the Plaintiff. He concluded that he would not recommend the Plaintiff for reemployment. (G. Johnson affidavit). Defendant Johnson advised Barney of his recommendation for non-renewal because of the plaintiff's inability to manage her classroom. (G. Johnson affidavit). Barney recommended to the Board that the Plaintiff's teaching contract not be renewed for the 1995-1996 school year. (Barney affidavit). The Board subsequently approved Barney's recommendation, voting not to renew the Plaintiff's teaching contract. (Barney affidavit). On May 16, 1997, the Plaintiff filed this action in the United States District Court of North Alabama. (Plaintiff's complaint).

---

[1]     According to plaintiff, Defendant Johnson told her not to impose discipline of the students. (M. Johnson affidavit).

I       42 U.S.C. § 1983 claim

A.      Gerald Johnson

To maintain an action under § 1983, the plaintiff must establish that a person acting under the color of law violated rights afforded by the Constitution or the laws of the United States. *See American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40 (1999). Under the Equal Protection Clause of the Fourteenth Amendment, "[n]o state shall deny to any person within its jurisdiction the equal protection of the law." U.S. Const. Amend. XIV § 2. The Equal Protection Clause of the United States Constitution grants the plaintiff the "right to be free from racial discrimination." *See Busby v. City of Orlando*, 931 F.2d 764, 775 (11th Cir. 1991).

In actions which allege racial discrimination under the Fourteenth Amendment, the method of proof that is required under § 1983 is identical to that of a claim made pursuant to Title VII. *See Richardson v. Leeds Police Dept.,* 71 F.3d 801, 805 (11th Cir. 1995). The plaintiff may establish a cause of action based upon unlawful discrimination by presenting direct evidence of discriminatory acts or remarks or, more commonly, through indirect evidence from which discrimination may be reasonably inferred. *See Hill v. Metropolitan Atlanta Rapid Transit Authority,* 841 F.2d 1533, 1538 (11th Cir. 1988); *Shows v. Morgan,* 40 F. Supp. 2d 1345, 1358 (M.D. Ala. 1999). "Direct evidence is evidence that establishes the existence of discriminatory intent behind the employment decision without any inference or presumption." *Standard v. A.B.E.L. Servs., Inc.,* 161 F.3d 1318, 1330 (11th Cir. 1998).

To prove discrimination by indirect evidence, the plaintiff must establish by a preponderance of the evidence that the defendant acted with discriminatory intent. *See Richardson,* 71 F.3d at 805; *LaFleur v. Wallace State Community College,* 955 F. Supp. 1406, 1417 (M.D. Ala. 1996). To establish a case of intentional discrimination by a preponderance of the evidence, Ms.

Johnson must prove under both Title VII and § 1983 that (1) she was discriminated against by the employer based on the employee's protected characteristic; (2) termination or other employment modification; and (3) a causal relationship between the two. *See Stimpson v. City of Tuscaloosa,* 186 F.3d 1328, 1331 (11th Cir. 1999) (citing to *Llampallas v. Mini-Circuits, Lab, Inc.,* 163 F.3d 1236 (11th Cir. 1998).

"The plaintiff opposing summary judgment has the burden of showing that a genuine dispute of a material issue of fact exists." (Citations omitted). Conclusory allegations or mere legal conclusions are insufficient to meet the plaintiff's burden. *Wood v. City of Lakeland,* 2000 WL 177198 (11th Cir. 2000). When the record is viewed in the light most favorable to Plaintiff Johnson, she is unable to establish a prima facie case under § 1983. Her allegations of intentional discrimination are insufficient to establish a material issue as to the alleged discriminatory animus by the defendants.

The Plaintiff alleged that Defendant Johnson, acting in his capacity as principal, violated her right to be free from racial discrimination. Plaintiff has failed to identify any comment or statement of Defendant Johnson, which might constitute direct evidence of race-based discrimination. She may, nonetheless, prove a discriminatory motive through indirect evidence a prima facie case of discrimination. To prove intentional discrimination, the Plaintiff must establish that Defendant Johnson's discriminatory animus was based on her protected characteristic. The Plaintiff, born in Mexico, is a naturalized citizen of the United States. It is undisputed that her protected status is that she is of Mexican ancestry. The Plaintiff argues that Defendant Johnson treated her discriminatorily because she is of Mexican ancestry. The plaintiff argues that her national origin was the motivating factor in Defendant Johnson's intentional discrimination because during her employment at Coffee High School in the Plaintiff's 1994-1995 evaluation, he made

6

reference to her nationality.   (Defendant's Exhibit #5). Defendant Johnson, however, referred to plaintiff's nationality only in referring to her outstanding competency in the subject matter being taught in the evaluation.

The Plaintiff also alleges that Defendant Johnson discriminated against her based upon her ethnic origin because she was evaluated "excessively" during the 1994-1995 school year. Prior to the 1994-1995 school year, Plaintiff Johnson was observed only once each year of the two years that she taught at Coffee High School. Defendant Johnson states that the Plaintiff Johnson was observed because she experienced discipline problems in her classroom. (G. Johnson affidavit). Plaintiff Johnson has the burden of producing some evidence which would support her otherwise conclusory allegations that termination was motivated by a discriminatory bias based upon an improper consideration of her ancestry. The Plaintiff offers no such evidence from which an inference of discriminatory animus can be found.

Plaintiff alleges that she was harassed because of her nationality by Defendant Johnson when she was told to observe other classes to learn how to gain respect of the students. Defendant Johnson admits he told the Plaintiff to observe the other teachers to enable her to control her class.   Plaintiff has offered no evidence, which would tend to prove that she was treated differently from any other teacher experiencing disciplinary problems in the classroom.  Plaintiff Johnson offers the affidavit of Jay Skipworth. Mr. Skipworth provides his opinion as to plaintiff's qualities as a teacher and avers that there were no discipline problems to his knowledge while he was a student at Coffee High School in the 1992-1993 and 1993-1994 school years.  (Skipworth affidavit, Document #42).  This evidence at most merely suggests that during his years as a student of Plaintiff Johnson, Mr. Skipworth did not observe discipline problems when he was in Ms. Johnson's classroom.  The affidavit, however, does not support the Plaintiff's premise that Mr.

7

Johnson was motivated by a discriminatory intent because the evidence does not dispute or contradict evidence that Mr. Johnson received complaints from parents and other students concerning the disciplinary problems which led him to observe Ms. Johnson's classroom.

Beyond her own conclusory allegations Plaintiff has produced no evidence from which a jury could reasonably conclude that Defendant Johnson treated plaintiff in a discriminatory manner because of her protected status as a person of Mexican origin. Plaintiff cannot establish a prima facie case of intentional discrimination. Defendant Johnson is entitled to summary judgment on the Plaintiff's § 1983 claim.

### B. Florence City Board of Education & Edison Barney, Superintendent

A municipality generally may not be held liable under § 1983 for the wrongful actions of its employees. *See Monell v. Department of Social Services*, 436 U.S. 658, 691-94 (1978); *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998). A municipality may be sued under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell*, 436 U.S. at 694; *Shows*, 40 F. Supp. 2d at 1360. The practice must be "longstanding and widespread" in order for it to become a governmental policy or custom. *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991). The plaintiff bears the burden of proving that the custom of racial discrimination is longstanding and widespread. *See id.; Shows*, 40 F. Supp. 2d at 1360.

The Plaintiff has alleged, based upon the affidavit of Deborah McMurtie that the Florence City Board of Education maintained a practice of discriminating against minorities based upon her belief that the Board had a number of minority "hires" in the past. (Plaintiff's brief, p. 11; McMurtie affidavit, Document #40). No evidence beyond McMurtie's conclusory statement that

8

Coffee High School has hired only three black instructors in the preceding thirty years.[2]   At best, Ms. McMurtie's affidavit demonstrates only that to her knowledge three black instructors had been hired by the Board.  Plaintiff Johnson cannot carry her burden of proof and has offered no evidence beyond Ms. McMurtie's general conclusion that the Florence City Board of Education had a "longstanding and widespread practice of discrimination against minorities."

The plaintiff may under appropriate circumstances prove that an act taken by the municipal employee who has final policymaking authority may result in § 1983 liability to the governmental unit. *See McMillan v. Monroe County*, 520 U.S. 781,784 (1997); *Brown*, 923 F.2d at 1480. "A municipal official who has final policymaking authority in a certain area of the city's business may by his or her action subject the government to § 1983 liability when the challenged action falls within that authority." *Shows*, 40 F. Supp. 2d 1360 (quoting *City of Fort Lauderdale*, 923 F.2d at 1480).  Plaintiff Johnson does not alleges that the City of Florence, acting through its final decision-making body, the board of education, intentionally discriminated against her.  The Florence City Board of Education is entitled to summary judgment with respect to the § 1983 discrimination claim.

C.  Edison Barney, Superintendent of Education of Florence

Suits against state officials under § 1983 are simply another way of filing a claim against the governmental entity. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). "Such suits against municipal officers are therefore, in actuality, suits directly against the city that the officer represents. Consequently, a plaintiff cannot rely on a respondeat superior theory to hold a municipality liable for individual actions of its officers." *Busby*, 931 F.2d at 776.  To the extent

---

[2]     Such evidence, if extant, would have been available through discovery.

that Ms. Johnson asserts a damages claim against Mr. Barney she has failed to prove that he discriminated against her in any fashion.   Barney is entitled to summary judgment.

II.      42 U.S.C. 1981 claim

            In *Jett v. Dallas Independent School District,* the Supreme Court held that the exclusive federal remedy against governmental entities for the violation of civil rights protected under § 1981 is that provided under § 1983. *Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701 (1989); *Shows,* 40 F. Supp. 2d at 1360. "As a result, a lawsuit against a municipality under both § 1981 and § 1983 merges into a § 1983 claim only." *Shows,* 40 F. Supp. 2d at 1360.   Therefore, because Plaintiff Johnson alleges intentional discrimination under § 1981 and § 1983, both claims are merged into one claim under § 1983.

III.     Qualified Immunity

            "Government officials performing discretionary functions are entitled to qualified immunity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Hartley v. Parnell,* 193 F.3d 1263, 1268 (11th Cir. 1999) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). In *Wilson v. Layne,* the Supreme Court held that when the defense of qualified immunity is asserted, the court must first examine whether the plaintiff has filed a claim alleging the violation of an actual statutory or constitutional right and whether that right was clearly known at the time of the deprivation. *Wilson v. Layne,* 119 S. Ct. 1692, 1697 (1999).   The court must determine whether the facts, read in the light most favorable to the plaintiff, establishes that the Defendants' actions deprived the plaintiff of any statutory or constitutional rights. *See Hartley,* 193 F.3d at 1268.   The plaintiff must bear the burden of proving that, at the time of the incident, pre-existing decisions of the United States Supreme Court or the Eleventh Circuit dictate or compel "the conclusion for every like-situated,

10

reasonable government agent that what a defendant is doing violates federal law in the circumstances." *Lassiter v. Alabama A & M University,* 28 F.3d 1146, 1150 (11ᵗʰ Cir. 1994).  The law must be developed in such "a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that 'what he is doing' violates federal law." *Id.* (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 3039 (1987)).  The court must examine the actual and specific details of the concrete cases not general or abstract rights.  *Id.*

Plaintiff Johnson must demonstrate that the law in the Eleventh Circuit is so concrete and factually defined that Defendant Johnson's alleged discriminatory acts violated clearly established law.  Ms. Johnson has directed the court to no such authority.  Ms. Johnson merely restates the general and abstract principles of equal protection.  Such assertions do not satisfy her burden.  Therefore, in the absence of any evidence of injury to Plaintiff Johnson, Defendant Johnson did not deprive the Plaintiff of her Fourteenth Amendment right to equal protection.  Because Defendant Johnson did not deprive the Plaintiff of her Fourteenth Amendment right to equal protection, he is entitled to qualified immunity of this cause of action.

A separate order consistent with this Memorandum of Decision will be entered simultaneously herewith.

DONE this the 29ᵗʰ day of March, 2000.

_____
PAUL W. GREENE
UNITED STATES MAGISTRATE JUDGE

11